IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY R. GARCIA,

    Plaintiff,

-vs-                                                No. CV 02-0071 LH/LCS

THE UNITED STATES GOVERNMENT, U.S. DRUG
ENFORCEMENT AGENCY, SPECIAL AGENT
MICHAEL D. KEENE, and NARCOTIC AGENT
LARRY ARREDONDO,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Federal Defendant Michael D. Keene's Motion to Dismiss (Docket No. 40), filed August 13, 2002, and the United States of America's Motion to Dismiss (Docket No. 42), filed August 13, 2002. The Court, having considered the Motions, the memoranda of the parties, and the applicable law, and otherwise being fully informed, finds that both Motions are well taken and will be **granted**.

**BACKGROUND**

Plaintiff brings suit pursuant to 42 U.S.C. § 1983, claiming violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. His claims arise from his arrest by an officer of the Hobbs Police Department on a warrant issued by a federal magistrate judge in Alpine, Texas. Plaintiff alleges in his Complaint for Civil Rights Violations and Damages that despite his protestations of innocence and that he was not the person named in the warrant, he was

incarcerated at the Lea Count Detention Facility for 31 days and then transported to Las Cruces, where he was held at the Las Cruces Detention Facility for an additional 20 days. When he was finally brought before a United States Magistrate for arraignment, the undercover agent upon whose affidavit the arrest warrant was based was not able to identify Plaintiff and the Judge ordered him released for lack of probable cause. Plaintiff was then returned to the Las Cruces Detention Facility, from which he was "in effect, thrown out on the street." (Compl. § 27.) He was given no assistance to return to Hobbs and had to call his sister, who bought him a bus ticket home.

In Count I of his Complaint, Plaintiff charges the United States Government, the Hobbs Police Department, and Hobbs Police Detective John Doe with violation of his Fourth Amendment rights in that they unreasonably seized him, without probable cause, and "negligently or intentionally failed to ascertain the true identity of person named in the arrest warrant as compared to Plaintiff's identity." (*Id.* § 31.) In Count II, Plaintiff alleges violation of his Fourth Amendment rights by the Lea County Sheriff's Department, Jann Gartman, and the Lea County Detention Facility for illegally detaining Plaintiff without probable cause by not determining "the actual identity of the person named in the arrest warrant" and by incarcerating him for several weeks without bringing him immediately before a federal magistrate. (*Id.* § 32.) Plaintiff claims in Count III that all Defendants violated his right to procedural due process by failing to identify the real suspect's true identity, "arbitrarily" seizing Plaintiff, and failing to "to have Plaintiff brought before an examining federal magistrate 'without unnecessary delay' as required . . . under the Fifth and Fourteenth Amendments to the United States Constitution and the Federal Rule of Criminal Procedure 5(a)." (*Id.* § 33.) Plaintiff further maintains in Count III that Defendants' failure to properly identify the suspect, together with their failure to promptly bring Plaintiff before a magistrate "unfairly denied him the liberty and

2

property rights to which he is entitled under the Fifth and Fourteenth Amendments[, through] the arbitrary, [sic] and unreasonable issuance of process." (*Id.* § 34.)  Lastly, in Count IV, Plaintiff contends that all Defendants violated his substantive due process rights under the Fifth and Fourteenth Amendments in that they incarcerated him for an extended period without promptly bringing him before a magistrate and without investigating his claims of mistaken identity, which "shocks the conscience." (*Id.* § 35.)

On September 16, 2002, the Court entered its Stipulated Order of Dismissal with Prejudice, dismissing Defendant Las Cruces Detention Facility, a/k/a Dona Ana County Detention Facility, from this case.  On November 6, 2002, Defendants Board of Lea County Commissioners, Lea County Sheriff's Office, Lea County Detention Facility, Jail Administrator Jann Gartman, Sheriff's Deputies John Doe(s), Hobbs Police Department, Hobbs Police Detectives and Police Officers John Doe(s) were dismissed with prejudice by the Court's Stipulated Order of Dismissal.  Thus, the Defendants remaining in this case are The United States Government, U.S. Drug Enforcement Agency (DEA), Special Agent Michael D. Keene, and Narcotic Agent Larry Arredondo.  Pursuant to Magistrate Judge Smith's Order Changing Caption on January 17, 2003, the dismissed Defendants' names have been removed from the caption.

## UNITED STATES OF AMERICA'S MOTION TO DISMISS

The United States moves for dismissal of the Complaint, pursuant to FED. R. CIV. P. 12(b)(1), on grounds that it is jurisdictionally defective with regard to the United States and the DEA. The Court agrees.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003)(quoting *Fed. Deposit Ins. Corp.*

3

*v. Meyer*, 510 U.S. 471, 475 (1994)). Additionally, "[s]overeign immunity is jurisdictional in nature." *Id.* (quoting *Meyer*, 510 U.S. at 475). While the Supreme Court "implied a cause of action for damages against federal *agents* who allegedly violated the Constitution" in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 3888 (1971), it has declined to find "a similar cause of action directly against an *agency* of the Federal Government." *Meyer*, 510 U.S. at 473 (emphasis added). Thus, Plaintiff's constitutional claims against the United States and the DEA must be dismissed.

Furthermore, to the extent, if any, Plaintiff states claims against these Defendants under the Federal Tort Claims Act (FTCA), these, too, must be dismissed. Although the United States has waived its immunity to suits under the FTCA, a condition of its waiver "is that '[a] tort claim . . . [must be] presented in writing to the appropriate Federal agency within two years after [it] accrues . . . .' 28 U.S.C. § 2410(b). Thus, if a litigant does not satisfy the timing requirement of § 2401(b), the district court must dismiss for lack of subject matter jurisdiction." *Dahl*, 319 F.3d at 1228 (quoting *Casias v. United States*, 532 F.2d 1339, 1340 n.1 (10th Cir. 1976)). Plaintiff does not dispute that he has not filed an FTCA administrative claim with the DEA. Indeed, he states that "the cause of action raised in this court is not an action under the Federal Tort Claims act [sic], but instead is an action based on the violation of his rights guaranteed by the Constitution of the United States of America.." (Pl.'s Memo. Supp. His Resp. Mot. Dismiss at 1.)

Therefore, given that the United States and the DEA enjoy immunity from suit for constitutional torts and that Plaintiff does not purport to bring claims under the FTCA and, in any case, has not satisfied the jurisdictional requirement of timely presenting any FTCA claims to the DEA, the Court must grant the Motion and the United States and the DEA will be dismissed from this action for want of jurisdiction.

**FEDERAL DEFENDANT MICHAEL D. KEENE'S MOTION TO DISMISS**

Special Agent Keene moves for dismissal on grounds of qualified immunity and that the Complaint fails to state a claim against him. He maintains that his actions in swearing out the affidavit in support of the arrest warrant were objectively reasonable and that a reasonable officer would believe that he had probable cause to seek the warrant. He also contends that not only was he not involved in Plaintiff's arrest and subsequent incarceration but that the Complaint does not aver his involvement and therefore fails to state a claim.

Plaintiff responds that Special Agent Keene is not entitled to qualified immunity because he lacked first hand knowledge of the drug transaction in which "Henry R. Gonzales" allegedly participated, relying in his affidavit in support of the arrest warrant solely on hearsay evidence from Larry Arredondo, the undercover agent who made the cocaine purchase, and therefore did not have probable cause as required by the Fourth Amendment. Plaintiff also asserts that he states claims against Special Agent Keene for Plaintiff's arrest and detention because his "swearing out of the affidavit for the warrant, without any first hand knowledge, *started a chain of events rolling* that resulted in the continuing violations of Plaintiff's statutory and Constitutional rights." (Pl.'s First Am. Memo. Supp. His Resp. Def., Michael Keene's, Mot. Dismiss at 6 (emphasis added).)

In reviewing Defendants' Motion, the Court applies "the customary motion to dismiss standard: '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Currier v. Doran*, 242 F.3d 905, 916, 917 (2001) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The issue, then, "is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974),

5

*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).  Additionally, "[o]nce a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Currier*, 242 F.3d at 917.  If so, then "the plaintiff must demonstrate to the court that the law on which the plaintiff relies was clearly established at the time of the defendants' actions." *Id.* at 923.  "The plaintiff must prove the right was sufficiently clear that a reasonable official would have understood that his conduct violated the right." *Id.*

The law is not as Plaintiff argues and Special Agent Keene is entitled to qualified immunity with regard to his affidavit in support of the arrest warrant. *See, e.g., United States v. Ventresca*, 380 U.S. 102, 747 (1965)( "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."); *United States v. Wolfenbarger*, 696 F.2d 750, 751-52 & n.1 (1983)(affidavit containing only hearsay, with explanation of how affiant knows of observations of fellow officers, provides sufficient basis for search warrant).  Additionally, "[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)(quotations omitted)(quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

After describing his position with the DEA and briefly stating the scope of his experience in drug investigations in his affidavit in support of the arrest warrant, Special Agent Keene recounted that beginning in February 1998 he participated in an investigation of narcotics distribution by a number of individuals, including "Henry R. Garcia." (Special Agent Michael D. Keene's Memo. Brief Supp. Mot. Dismiss Ex B.)  He specifically noted that he became familiar with the suspects through information obtained from investigative reports and interviews of confidential sources. (*Id.* ¶ 1.)  He

6

then detailed the undercover drug purchases made by Agent Arredondo, giving dates, amounts, and locations, including the purchase of approximately one ounce of cocaine in Hobbs, New Mexico, on August 11, 1998, from Isabel Carrasco Sotelo and Henry R. Garcia. (*Id.* ¶ 5.) As Special Agent Keene's affidavit clearly met the standards set forth in *Ventresca* and *Wolfenbarger*, Plaintiff has not alleged the deprivation of an actual constitutional right at all.

Finally, it is undisputed that Special Agent Keene did not arrest Plaintiff, nor was he involved in any manner with Plaintiff's subsequent detention. Plaintiff's rights most certainly appear to have been violated, *see, e.g., Baker v. McCollan*, 443 U.S. 137, 144 (1979)("Obviously, one . . . could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment."); *Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir. 1987)("a prolonged confinement of an arrested person without a hearing to determine whether he is the person named in the warrant would be a deprivation of liberty without due process of law and thus violate the Fourteenth Amendment"), but not by Special Agent Keene. Having not himself violated Plaintiff's rights, the Court is unaware of any theory under which Special Agent Keene can be held liable for any subsequent violations by others. Therefore, his Motion will be granted and he will be dismissed.

**IT IS FURTHER ORDERED** that the United States of America's Motion to Dismiss (Docket No. 42), filed August 13, 2002, is **GRANTED**.

**IT IS HEREBY ORDERED** that Federal Defendant Michael D. Keene's Motion to Dismiss (Docket No. 40), filed August 13, 2002, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants the United States Government, U.S. Drug Enforcement Agency, and Special Agent Michael D. Keene are **DISMISSED FROM THIS CASE**.

_____
**UNITED STATES DISTRICT JUDGE**