IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY R. GARCIA,

      Plaintiff,

   -vs-                                                          No. CV 02-0071 LH/LCS

THE UNITED STATES GOVERNMENT, U.S. DRUG
ENFORCEMENT AGENCY, SPECIAL AGENT
MICHAEL D. KEENE, and NARCOTIC AGENT
LARRY ARREDONDO,

      Defendants.

## MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Defendant Arredondo's Motion to Dismiss (Docket No. 82 ), filed April 21, 2003. The Court, having considered the Motion, briefs, applicable law, and otherwise being fully informed, finds that the motion is well taken and shall be **granted.**

## BACKGROUND

Plaintiff brings suit pursuant to 42 U.S.C. § 1983, claiming violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. The claims arise from his arrest by an officer of the Hobbs Police Department on a warrant issued by a federal magistrate judge in Alpine, Texas. Plaintiff alleges in his Complaint for Civil Rights Violations and Damages that despite his protestations of innocence and that he was not the person named in the warrant, he was incarcerated at the Lea County Detention Facility for 31 days and then transported to Las Cruces, where he was held at the Las Cruces Detention Facility for an additional 20 days. When he finally was brought before a United States Magistrate for arraignment, an undercover agent, upon

whose affidavit the arrest warrant was based, was not able to identify Plaintiff and the Judge ordered him released for lack of probable cause. Plaintiff was then returned to the Las Cruces Detention Facility, from which he was released.

On March 24, 2003, the Court entered its Memorandum Opinion and Order (Docket No. 77), granting Defendants Michael D. Keene's and the United States of America's motions to dismiss. Thus, Officer Larry Arredondo is the only remaining Defendant in this case.

Counts I and II of the Complaint do not pertain to Officer Arredondo and will not be discussed. While none of the Counts specifically names Officer Arredondo, Plaintiff asserts claims against all Defendants in Counts III and IV. In Count III, Plaintiff claims that all Defendants violated his right to procedural due process by failing to "have Plaintiff brought before an examining federal magistrate 'without unnecessary delay' as required . . . under the Fifth and Fourteenth Amendments to the United States Constitution and the Federal Rule of Criminal Procedure 5(a)." (Compl. § 33.) Plaintiff also maintains in Count III that Defendants' failure to properly identify the suspect, together with their failure to promptly bring Plaintiff before a magistrate "unfairly denied him the liberty and property rights to which he is entitled under the Fifth and Fourteenth Amendments[, through] the arbitrary, [sic] and unreasonable issuance of process." (*Id*. § 34.) Lastly, in Count IV, Plaintiff contends that all Defendants violated his substantive due process rights under the Fifth and Fourteenth Amendments in that they incarcerated him for an extended period without promptly bringing him before a magistrate and without investigating his claims of mistaken identity, which "shocks the conscience." (*Id*. § 35.)

**DEFENDANT ARREDONDO'S MOTION TO DISMISS**

Officer Arredondo moves for dismissal on the grounds of qualified immunity. He maintains

that he did not violate the constitutional rights of Plaintiff and his actions were at all times objectively reasonable. Officer Arredondo also asserts that he never identified the Plaintiff as the person from whom he purchased drugs and was not involved in Plaintiff's arrest or detention.

Plaintiff responds that Officer Arredondo is not entitled to qualified immunity because he provided the information that led to Plaintiff's wrongful arrest and was grossly negligent in his investigation. (Pl.'s Resp. §§ 1, 5.) In addition, Plaintiff claims that Officer Arredondo breached a duty to protect Plaintiff from false arrest under the theories of "danger creation" and the existence of a "special relationship" between Plaintiff and Officer Arredondo. (*Id*. § 4.)

## STANDARD OF REVIEW

In reviewing Defendant's Motion, the Court applies "the customary motion to dismiss standard: '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) (alteration in original) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The issue, then, "is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), o*verruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). Additionally, "[o]nce a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Currier*, 242 F.3d at 917. If so, then "the plaintiff must demonstrate to the court that the law on which the plaintiff relies was clearly established at the time of the defendants' actions." *Id.* at 923. "The plaintiff must prove the right was sufficiently clear that a reasonable official would have understood that his conduct violated the right." *Id.* For the law to be clearly established, ordinarily

3

"there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as plaintiff maintains." *Id*. (quoting *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)). It is not necessary for Plaintiff to find a case which corresponds exactly with their factual circumstances. *Id*. (quoting *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999)). In addition, "contrary authority from other circuits does not preclude a finding that the law in this circuit was clearly established, if the contrary authority can be distinguished." *Id*.

## ANALYSIS

Officer Arredondo did not violate the Plaintiff's constitutional rights. It is undisputed that he did not arrest or subsequently detain Plaintiff. Plaintiff's allegation in Count III that Officer Arredondo violated his procedural due process rights by failing to bring Plaintiff before a magistrate in a timely manner is therefore without merit. Similarly, Plaintiff's allegation in Count III that Officer Arredondo violated his constitutional rights by failing to properly identify the suspect in the case is also without merit. Officer Arredondo, operating in his capacity as a law enforcement officer, documented the purchase of narcotics from a Henry Garcia using the information supplied on the suspect's driver's license. (Arredondo Aff. § 4.) The Officer supplied this information to his superiors. (*Id.*) Prior to Plaintiff's arrest, Officer Arredondo positively identified the suspect in a black and white photograph of the license of Henry Garcia. (*Id*. § 6.) The Officer's actions were objectively reasonable. Even if Officer Arredondo was mistaken in his identification of the photo, he is still entitled to qualified immunity. *See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) ("[e]ven law enforcement officials who reasonably but mistakenly conclude that probable cause is

4

present are entitled to immunity") (quotations omitted) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Thus, Plaintiff's claims in Count III against Officer Arredondo must be dismissed.

Plaintiff's allegations in Count IV are similarly without merit. Plaintiff claims that his substantive due process rights were violated when Officer Arredondo failed to investigate Plaintiff's claims of mistaken identity. Plaintiff fails to cite any Supreme Court or Tenth Circuit opinion establishing the rights as he alleges. The Plaintiff's constitutional rights were not violated simply because he was arrested. The United States Supreme Court in *Baker v. McCollan*, 443 U.S. 137, 145 (1979), stated that "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released." Similarly, the Court in *Baker* found that the Fourteenth Amendment "only protects against deprivations of liberty accomplished 'without due process of law'." *Id*. Officer Arredondo did not deprive Plaintiff of due process or any other constitutional right. The Court need not address the issue of qualified immunity when the Plaintiff has "failed to sufficiently allege the violation of a constitutional right." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1278 (10th Cir. 2003).

## PLAINTIFF'S ADDITIONAL THEORIES

In his Response to Officer Arredondo's Motion, Plaintiff alleges new causes of action for violation of his Fourteenth Amendment substantive due process rights under the theories of "danger creation" and the existence of a "special relationship" between Plaintiff and Officer Arredondo. (Pl.'s Resp. § 4.) Plaintiff did not allege these causes of action in the Complaint and has not sought to amend the Complaint. The issues are therefore not properly before the Court. In addition, the Court has serious doubts that Plaintiff states a legitimate cause of action for substantive due process violations under these theories. Even if the issues were properly before the Court and were

cognizable, the law does not support Plaintiff's contention that Officer Arredondo violated his constitutional rights under either of these theories.

For Officer Arredondo to owe a duty under the "danger creation" theory, Plaintiff must demonstrate that: (1) the charged actor created the danger or increased the Plaintiff's vulnerability to the danger in some way; (2) Plaintiff was a member of a limited and specifically definable group; (3) Defendant's conduct put Plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) Defendant acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscious shocking. *Currier*, 64 F.3d at 918. To prevail under this theory, Plaintiff must show that all of the elements of the *Currier* test are met. *See DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1236 (10th Cir. 2000). The danger creation theory of duty "focuses on the affirmative actions of the state in placing the plaintiff in harm's way." *Currier*, 64 F.3d at 919. Plaintiff fails to demonstrate facts that support the creation of a duty under this theory. Officer Arredondo did not take affirmative action that would place Plaintiff at substantial risk of serious, immediate and proximate harm and the risk of false arrest was not obvious or known to the Officer. In addition, the Officer's actions certainly did not rise to the level of reckless disregard such that the conscience of this Court is shocked.

Plaintiff's theory of duty arising out of a "special relationship" is similarly deficient. The case cited by Plaintiff, *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), does not address the relationship that existed between Officer Arredondo and Plaintiff. While *DeShaney* stands for the proposition that when the State takes a person into custody and holds him there against his will, the Constitution imposes a "duty to assume some responsibility for his safety and general well-being," the Supreme Court further limited this duty to providing for "basic human

needs--e.g., food, clothing, shelter, medical care, and reasonable safety." *Id.* at 199-200. Officer Arredondo did not personally take Plaintiff into custody or hold him there against his will. A custodial relationship did not exist between the two; therefore, a special relationship under *DeShaney* was not created. *See DeAnzona*, 222 F.3d at 1234 ("if there is no custodial relationship there can be no constitutional duty").

Plaintiff also requests that limited discovery be allowed before the Court rules on this motion. In cases of qualified immunity, a Court may "tightly confine discovery" to uncover the facts needed to rule on the immunity claim. *Currier*, 242 F.3d at 916; s*ee Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). Plaintiff did not specify the scope or nature of the discovery request or what information that process could reveal that would bear on the issue of qualified immunity. This is the type of overly broad discovery request that qualified immunity was designed to preclude and is therefore not something that this Court will allow. *See Medina v. Cram*, 252 F.3d 1124, 1127-28 (10th Cir. 2001)("The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery. ")(internal quotations omitted) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)).

Although in its Memorandum Opinion of March 24, 2003, the Court cited *Baker*, 443 U.S. at 144 ("Obviously, one . . . could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment.") and *Brown v. Patterson*, 823 F.2d 167, 169 (7th Cir. 1987)("a prolonged confinement of an arrested person without a hearing to determine whether he is the person named

7

in the warrant would be a deprivation of liberty without due process of law and thus violate the Fourteenth Amendment"), for the proposition that Plaintiff's rights, as alleged in the Complaint, appeared to have to have been violated, his rights were not violated by Officer Arredondo. As was the case with Special Agent Keene, the Court is unaware of any theory under which Officer Arredondo can be held liable for any subsequent violations by others. Therefore, the Motion to Dismiss will be granted.

The Court previously having dismissed Defendants Las Cruces Detention Facility, a/k/a Dona Ana County Detention Facility, Board of Lea County Commissioners, Lea County Sheriff's Office, Lea County Detention Facility, Jail Administrator Jan Gartman, Sheriff's Deputies John Doe(s), Hobbs Police Department, Hobbs Police Detectives, Police Officers John Doe(s), Special Agent Michael D. Keene and the United States of America, all claims against all Defendants now have been dismissed and this case shall be dismissed. An Order in accordance with this Memorandum Opinion shall be entered contemporaneously.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**